IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW LAMON, # R-16056, )
)
    Plaintiff, )
)
vs. ) Case No. 13-cv-1129-JPG
)
HAROLD SCHULER )
and DR. ALFONSO DAVID, )
)
    Defendants. )

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Shawnee Correctional Center ("Shawnee"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 30-year sentence for aggravated criminal sexual assault and a five-year sentence for a drug offense. Plaintiff claims that he was transferred from the Big Muddy River Correctional Center ("BMRCC") to the higher-security Shawnee prison in retaliation for his participation in a lawsuit, and that the prison doctor at Shawnee has been deliberately indifferent to his serious medical condition.

More specifically, Plaintiff claims that in 2010, he drafted a lawsuit on behalf of fellow prisoner Jo-Julien Hicks, which was filed in the Central District of Illinois (*Hicks v. Pierce*, Case No. 10-cv-1021-HAB) (Doc. 1, pp. 6-12; 27, 29). Inmate Hicks died, and prosecution of the civil rights matter was continued by his mother. Plaintiff continued to participate in the case as a witness while he was incarcerated at BMRCC, where he was deposed and testified at a *Pavey* hearing (Doc. 1, p. 29).

On May 3, 2012, Plaintiff wrote to the presiding judge in that pending case, requesting

the court's intervention because his safety was being threatened by a guard at BMRCC (Doc. 1, p. 31). Plaintiff sent a similar request to the Attorney General, who was representing the Illinois Department of Corrections in that case. On May 8, 2012, Defendant Schuler (Internal Affairs officer at BMRCC) put Plaintiff in segregation because of his letters. Although Plaintiff was not charged with any disciplinary infraction, on May 16, 2012, Defendant Schuler revoked Plaintiff's minimum-security classification and transferred him to Shawnee, a "disciplinary prison" (Doc. 1, pp. 27, 29). Plaintiff asserts these actions were taken in retaliation for Plaintiff's plea for outside help to stop the threats that had been leveled against him because of his involvement in the lawsuit.

Plaintiff's second claim is against Shawnee physician Defendant David, who diagnosed Plaintiff with thyroid disease on May 31, 2012 (Doc. 1, p. 30). According to Plaintiff, Defendant David determined that the soy content in the prison diet had caused Plaintiff's thyroid condition. He prescribed medication which Plaintiff must take for the rest of his life. He also warned Plaintiff "off the record" to avoid soy foods (Doc. 1, pp. 28, 30). However, he would not prescribe Plaintiff a soy-free diet, because "IDOC does not have non soy diets" (Doc. 1, p. 28).

Plaintiff becomes physically ill each time he eats a meal containing soy. He cannot always afford to purchase food from the commissary. Plaintiff sent an emergency grievance to the Shawnee warden in July 2012 asking for a soy-free medical diet, but never got a response (Doc. 1, p. 30). After having a severe reaction to the prison's soy meals, he wrote Defendant David in July 2012 making the same request. Defendant David would not prescribe a special diet, but continued to advise Plaintiff to avoid soy. On October 22, 2013, Plaintiff again asked Defendant David for a non-soy diet. He contends that Defendant David knows that his thyroid condition is caused and aggravated by soy consumption, and that his refusal to prescribe a soy-

free diet is not based on sound medical judgment, but instead on the alleged unavailability of a non-soy diet in prison (Doc. 1, p. 28). This failure to act has deprived Plaintiff of a nutritionally adequate diet which does not endanger his present and future health.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable retaliation claim against BMRCC Defendant Schuler, for placing him in segregation, changing his security classification, and transferring him to a higher-security prison, because of his protected activity **(Count 1)**. Plaintiff has also stated a claim against Shawnee Defendant David for deliberate indifference to his medical need for a soy-free diet **(Count 2)**.[1] However, these two claims are not legally or factually related to one another, and are subject to severance.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever **Count 2** of Plaintiff's complaint, and shall open a new case with a newly-assigned case number for that claim. However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on that claim or

---

[1] The Court takes judicial notice of Plaintiff's pending soy-diet lawsuit in the Central District of Illinois, *Lamon v. Pierce*, Case No. 12-cv-1267-JES-JAG (filed Aug. 31, 2012). That case was stayed on March 4, 2013, pending the outcome of another soy-diet lawsuit, *Harris v. Brown*, Case No. 07-cv-3225 (C. D. Ill.), because "The outcome in *Harris* may moot or modify the plaintiff's claim in this case and may enable the Court to make a more informed decision." (d/e of March 4, 2013, Case No. 12-cv-1267).

incur the additional filing fee.

**Pending Motion**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2), and has submitted an affidavit stating that he has received only minimal income for the last twelve months, and has no assets or cash on hand. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. Accordingly, Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**.

However, Plaintiff has failed to provide his prisoner trust fund account information as required by the PLRA to determine the amount of his initial partial payment. Pursuant to 28 U.S.C. § 1915(b)(1), the Court must review the prisoner trust fund account statement for the six month period immediately preceding the filing of this action. **IT IS THEREFORE ORDERED** that Plaintiff shall provide the Clerk of Court with the attached certification completed by the Trust Fund Officer at the facility and a copy of his trust fund account statement (or institutional equivalent) for the period from May 4, 2013, to November 4, 2013, no later than **January 16, 2014** (45 days from the date of this order). Failure to do so will result in dismissal of this action for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

The Clerk is **DIRECTED** to mail a copy of this Order and the certification form to the Trust Fund Officer at Shawnee Correctional Center.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's claim for deliberate indifference to his medical need for a soy-free diet (**COUNT 2**), which is unrelated to the retaliation claim in Count

1, is **SEVERED** into a new case.  That new case shall be: Claim against **DEFENDANT DAVID** for deliberate indifference to medical needs.

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings.  In the new case, the Clerk is **DIRECTED** to file the following documents:

      (1)      This Memorandum and Order
      (2)      The Original Complaint (Doc. 1)
      (3)      Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing within 35 days (**on or before January 6, 2014**).  Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $350.00 filing fee** in the new case.  Service shall not be ordered on Defendant David until after the deadline for Plaintiff's response.

**IT IS FURTHER ORDERED** that the *<u>only claim remaining in this action is COUNT 1 against Defendant Schuler</u>*, for retaliation.  This case shall now be captioned as: **ANDREW LAMON, Plaintiff, vs. HAROLD SCHULER,  Defendant.**

**IT IS FURTHER ORDERED** that Defendant **DAVID** is **TERMINATED** from *this* action with prejudice.

As to **COUNT 1**, which remains in the instant case, the Clerk of Court shall prepare for Defendant **SCHULER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will

require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 2, 2013**

*s/ J. Phil Gilbert*
United States District Judge