# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW LAMON,                               )
                                         )
     Plaintiff,              )
                                         )
vs.                                          )    Case No. 14-cv-01051-JPG-PMF
                                         )
DOUG STEPHENS, *et al.*,                     )
                                         )
     Defendants.             )

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court on Plaintiff's Motion to Withdraw Complaint against Two (2) Defendants (Doc. 18) and Plaintiff's Motion to Consolidate Cases (Doc. 20). Defendants have not filed a response to either motion and the time for filing a response has expired.  The Court noted that Plaintiff has also filed a Combined Motion for Hearing (Doc. 24) requesting that the Court "call to hearing and rule on" both of his motions.  Pursuant to Local Rule 7.1(h)(h), the Court finds that a hearing is not required and a determination can be made upon the pleadings and the motion papers without oral argument.   Therefore, Plaintiff's Combined Motion for Hearing (Doc. 24) is denied.

Federal Rule of Civil Procedure 41(2) provides that after an answer has been filed by an opposing party, an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  In this matter, Plaintiff is requesting that this action be dismissed with regard to Defendants Doug Stephens and Edward Huntley.  Defendants have not filed a response or objected to the dismissal request.  As such, Defendants Doug Stephens and Edward Huntley are dismissed without prejudice.

With regard to Plaintiff's Motion to Consolidate Cases (Doc. 20), Plaintiff is requesting to consolidate this matter with *Lamon v. Schuler,* 13-cv-1129-JPG-PMF stating that the cases,

". . . clearly present common questions of law and fact."  (Doc. 20, para. 9).  It appears from the filings that Defendant Funk, in this matter, has recently been added as a defendant in 13-cv-1129-JPG-PMF.  It further appears that Defendant Funk was added to 13-cv-1129-JPG-PMF based on allegations that Defendant Funk violated Plaintiff's First Amendment rights by raising Plaintiff's security classification and transferring the Plaintiff to a higher security prison.

As part of the discovery in 13-cv-1129-JPG-PMF, defendants produced two copies of the May 2012 Security Reclassification/Escape Risk form; however, the two copies were not identical.  One of the documents did not bear a rationale for Defendant Funk overriding the institutional assess and the other listed a rationale code indicating that Defendant Funk had found increased security appropriate.  Rather than address the discrepancies in the document in the 13-cv-1129-JPG-PMF matter, Plaintiff instead filed the current suit on September 30, 2014.

Federal Rule of Civil Procedure 42(a) allows the Court discretion to consolidate cases that involve a common question of law or fact.  It is an abuse of discretion, however, to consolidate cases that, even though they involve claims of the same nature, involve "different allegations and time frames."  *See, King v. General Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992). Consolidation under Rule 42(a) does not merge two actions into one case.  *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999) (citing *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933)).  On the contrary, each consolidated case retains its separate identity and must have its own independent jurisdictional basis.  *Cella*, 173 F.3d at 913.

Here it appears that both cases contain the same allegations with regard to Defendant Funk based upon the same timeframe.  As such, consolidation under Rule 42(a) would serve the interest of justice and judicial economy.

Based on the above, Plaintiff's Combined Motion for Hearing (Doc. 24) is **DENIED**. Plaintiff's Motion to Withdraw Complaint against Two (2) Defendants (Doc. 18) is **GRANTED** and Defendants **Doug Stephen** and **Edward W. Huntley** are **DISMISSED** without prejudice. The Clerk of Court is directed to enter judgment accordingly at the conclusion of this matter.

Plaintiff's Motion to Consolidate Cases (Doc. 20) is **GRANTED**. Accordingly, for the purposes of discovery and trial, the Court hereby **CONSOLIDATES** *Lamon v. Schuler.* (Case Number 13-cv-1129-JPG-PMF) with *Lamon v. Stephens,* (Case Number 14-cv-001051-JPG-PMF). All future filing shall bear the consolidated caption used in this order and shall be filed only in *Lamon v. Schuler.* (Case Number 13-cv-1129-JPG-PMF). The Court will strike any filings in Case Number 14-cv-001051-JPG-PMF subsequent to this order.

The Clerk of Court is **DIRECTED** to **CONSOLIDATE** these cases to file a copy of this Order in both cases.

**IT IS SO ORDERED.**

**DATED:**  3/23/2015          *s/J. Phil Gilbert*
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**