IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON, R16056, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 13-cv-01129-JPG-PMF |
| | ) |
| HAROLD SCHULER, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 68) of Magistrate Judge Philip M. Frazier with regard to Plaintiff's Motions for Sanctions and Hearing (Docs. 56, 60, 65, 66).  Also before the Court is Plaintiff request that his claim against defendant Harold Schuler be dismissed.   Plaintiff filed an objection (Doc. 69) and there were no objections by the defendants.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Plaintiff has filed an objection and the Court will review those portion de novo; however, it is within the Court's discretion whether to receive additional evidence following a magistrate judge's report and recommendation.  *See* 28 U.S.C. § 636(b)(1); *Doe v. Chao,* 306 F.3d 170, 183, n. 9 (4th Cir. 2002), *aff'd*, 540 U.S. 614 (2004); *Sea-Land Serv., Inc. v. Andrew*

1

*Corp.*, No. 88 C 8296, 1992 WL 41344, *2 (N.D. Ill. Feb. 25, 1992). Any attempts to introduce new evidence after a magistrate judge has issued a report and recommendation are disfavored, *see Deakins v. Pack*, 957 F. Supp. 2d 703, 736 (S.D. W. Va. 2013), and will not be accepted without adequate justification for their lateness, *Chao*, 306 F.3d at 182, n. 9. As the District Court for the Northern District of Illinois has noted:

> If the parties do not present the entirety of their case before the magistrate judge, saving their best arguments to present to the district judge, the whole purpose of referring matters to the magistrate judge is negated. Worse, if the parties are not bound by the framing of the issues before the magistrate judge, referral merely affords the parties an opportunity to rehearse their case without binding consequences. A party may utilize proceedings before the magistrate to flesh out her opponent's case, saving her arguments until she determines which will be the most appealing.

*Sea-Land Serv.*, 1992 WL 41344, at *2.

Plaintiff's objection states that the Magistrate Judge "disposed of all three of my lawsuits (Doc. 67) on the merits without either parties consent." It goes on to state that the Magistrate Judge has no authority to dispose of these matters and "sua sponte rule on the merits of the actual lawsuit. This atrocious!" The objection also contains copies of docket entries and orders unrelated to the R & R at issue. Those portions of objections are outside the issues in the R & R and will not be accepted.

The R & R recommends denial of the Plaintiff's Motion for Sanction as the motions are all based upon a minor error within a single document. The Defendants addressed the discrepancy as an "inadvertent error" within their discovery responses and reiterated the cause of the discrepancy in their responses to the Plaintiff's motions. The Magistrate Judge found no misconduct.

The Court has review Plaintiff's motions for sanctions and hearing *de novo* and agrees with the Magistrate Judge's finding that the error of a misplaced date on a single document does

not amount to a "smoking gun." Plaintiff's requests for a hearing - in which he intends to call witnesses - is not appropriate at this time. This Court also finds – as did the Magistrate Judge – that other than one small error, the transfer forms appear to be identical.

Finally, although not considered with regard to the R & R, the Court notes that none of Plaintiff's pending suits (13-cv-1129; 14-cv-1051; and 15-cv-945) have been resolved – let alone resolved on the merits. As these cases involve the same issue surrounding Plaintiff's transfer, the Court consolidated the matters for judicial efficiency.

Based on the above, the Court **APOPTS** the Report and Recommendation ("R & R") (Doc. 68) of Magistrate Judge Philip M. Frazier and Plaintiff's Motions for Sanctions and Hearing (Docs. 56, 60, 66 and part of 65 with regard to sanctions) are **DENIED.**

Plaintiff's Motion to Withdraw Complaint against Defendant Harold Schuler (part of Doc. 65) is **GRANTED.** Defendant Harold Schuler is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the completion of this matter.

**IT IS SO ORDERED.**

**DATED:**   12/8/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**