IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW LAMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-01129-JPG-PMF |
| | ) | |
| HAROLD SCHULER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | **Consolidated with**: |
| | ) | |
| ANDREW LAMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-01051-JPG-PMF |
| | ) | |
| DOUG STEPHENS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | **Consolidated with**: |
| | ) | |
| ANDREW LAMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00945-JPG-PMF |
| | ) | |
| LEON KERR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's Motion (Doc. 78) for Sanctions and Plaintiff's Motion (Doc. 79) for Leave to Amend Relief. The defendants did not file a response to the motions and the time for filing a response has expired.

1

1. **Background**.

Plaintiff is serving a 30-year sentence for aggravated criminal sexual assault and a five-year sentence for a drug offense. Plaintiff claims that he was transferred from the Big Muddy River Correctional Center ("BMRCC") to the higher-security Shawnee prison in retaliation for his participation in a lawsuit. As all three cases involve the alleged retaliatory transfer, the cases were consolidated (Doc. 67) for the purpose of discovery and trial.

2. **Motion for Sanctions**.

Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record," Fed. R. Civ. P. 11(a), and that such a signature is a certification that the filing is not frivolous and is not presented for an improper purpose, Fed. R. Civ. P. 11(b). The Court may sanction an attorney or a party that is responsible for a filing that violates Rule 11(b). Fed. R. Civ. P. 11(c)(1).

A party seeking sanctions under Rule 11(c) must file a motion for sanctions separately from other motions or requests. Fed. R. Civ. P. 11(c)(2); *Nisenbaum v. Milwaukee Co.*, 333 F.3d 804, 808 (7th Cir. 2003); *Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 151 (7th Cir. 1996). It must serve the motion for sanctions on the opposing party prior to filing it with the Court, and it can only file the motion if the opposing party fails to withdraw or correct the offending document within 21 days after service or another time set by the court. Fed. R. Civ. P. 11(c)(2); *Nisenbaum*, 333 F.3d at 804. "[T]he timely withdrawal of a contention will protect a party against a motion for sanction." Fed. R. Civ. P. 11 comment (1993).

In this case, Plaintiff is seeking sanctions based upon a statement within Defendants Funk and Schuler[1]'s Motion (Doc. 62) for Leave to Move for Summary Judgment. Paragraph 6 of the motion stated, "[t]he Defendants' proposed Motion for Summary Judgment was e-filed with the

---

[1] The claims against Defendant Schuler were later voluntarily withdrawn by the plaintiff (Doc. 70).

Court contemporaneously with this motion." Plaintiff seeks sanction arguing that no summary judgment was filed.

First, there is no indication that the Plaintiff's motion was served on the opposing party under Rule 5 prior to filing it with the Court. There is also no indication that the defendants were provided the required 21 days in which to correct the error. As such, Plaintiff's motion for sanctions fails to meet the requirements of Federal Rule of Civil Procedure 11(c)(2).

However, Plaintiff's failure to comply with Rule 11(c)(2) aside, the Court notes that the defendants electronically sent the proposed motion for summary judge to Magistrate Judge Frazier's chambers. The order granting the motion for leave to file *instanter* did not indicate if the Clerk of Court should file the motion or whether the defendants should proceed with filing the motion. As such, there may have been some miscommunication on how the motion was to be filed.

Therefore, the Court **DIRECTS** the defendants to file the Motion for Summary within **seven (7) days** of this order or inform the Court that they no longer desire to proceed with the motion. If the summary judgment motion is filed, Plaintiff is **GRANTED thirty (30) days** from the filing of the motion to submit a response.

3. **Motion for Leave to Amend Relief Requested**.

Plaintiff is requesting leave to amend the relief requested without having to file three amended complaints. He now seeks "nominal and punitive damages of fifty thousand dollars in each case stated above." Federal Rule of Civil Procedure 54(b) provides that every judgment, other than a default judgment, "should grant the relief to which each party is entitled, even if the party had not demanded that relief in its pleadings." As such, a judgment may be more, or less, than what is stated in the pleading. The prayer for relief within the pleadings places the opposing

party on notice of damages sought.  That the damages may have decreased during discovery or other stages of the litigation process does not mandate an amended prayer for relief.  Therefore, Plaintiff's Motion for Leave to Amend Relief is moot.

4.  **Summary**.

Plaintiff's Motion (Doc. 78) for Sanctions is **DENIED**.  The Court **DIRECTS** the defendants to file the Motion for Summary within **seven (7) days** of this order or inform the Court that they no longer desire to proceed with the motion.  If the summary judgment motion is filed, Plaintiff is **GRANTED thirty (30) days** from the filing of the motion for summary judgment to submit a response. Plaintiff's Motion for Leave to Amend Relief (Doc. 79) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:**   3/29/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**