IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW LAMON, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| vs. ) | Case No. 3:13 CV 1129 NJR-RJD | |
| ) | | |
| HAROLD SCHULER, et al., ) | | |
|     Defendants. ) | | |
| _____ ) | **Consolidated with:** | |
| ) | | |
| ANDREW LAMON, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| vs. ) | Case No. 3:14 CV 1051 NJR-RJD | |
| ) | | |
| DOUG STEPHENS, et al., ) | | |
|     Defendants. ) | | |
| _____ ) | **Consolidated with:** | |
| ) | | |
| ANDREW LAMON, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| vs. ) | Case No. 3:15 CV 945 NJR-RJD | |
| ) | | |
| LEON KERR, et al., ) | | |
|     Defendants. ) | | |

## REPORT AND RECOMMENDATION

**DALY, Magistrate Judge:**

    Plaintiff Andrew Lamon is an inmate with the Illinois Department of Corrections. The consolidated cases consist of three lawsuits filed by Plaintiff pursuant to 42 U.S.C. § 1983, and, for each lawsuit, the Court granted him leave to proceed *in forma pauperis*. According to the complaints, Plaintiff claims that he was transferred from the Big Muddy River Correctional Center to the higher security Shawnee Correctional Center in retaliation for his participation in a lawsuit. (Docs. 30, 67.)

    On February 29, 2016, Plaintiff moved for Rule 11 sanctions against defense counsel Assistant Attorney General Matthew Tamul because of alleged misrepresentations included in

Defendant Mark Lahr's answer. (Doc. 82.) On April 1, 2016, Defendants responded to the motion for sanctions, asserting that Plaintiff's motion lacked any legal basis and that the answer reflected, at most, a mere disagreement regarding the facts of the case. (Doc. 91.)

In reply, Plaintiff filed a Motion to Present Authority in which he reasserted his Rule 11 arguments but also disparaged the Court and defense counsel with several inappropriate and patently offensive remarks. (Doc. 93.) On June 10, 2016, the Court ordered Plaintiff to show cause as to why his *in forma pauperis* status should not be revoked as a result of filing the Motion to Present Authority with the apparent purpose of harassing the Court and defense counsel. (Doc. 107.) Plaintiff has refused to respond to the order to show cause.

The Court must dismiss an *in forma pauperis* action at any time if it determines that the action is frivolous or malicious or evidences an intent to harass. 28 U.S.C. § 1915(e)(2)(B)(i); *see Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) ("'Malicious' in this context is sometimes treated as a synonym for 'frivolous,' but we think [it] is more usefully construed as intended to harass."). The undersigned concludes that the offensive language used by Plaintiff demonstrates malice and intent to harass with regard to the consolidated cases.

## RECOMMENDATION

Because of Plaintiff Andrew Lamon's use of offensive language directed at defense counsel and the Court, it is recommended that the consolidated cases be dismissed as malicious in accordance with 28 U.S.C. § 1915(e). It is further recommended that Plaintiff Andrew Lamon's *in forma pauperis* status be revoked and that he be ordered to pay the full filing fee for these cases. If this recommendation is adopted in its entirety, the consolidated cases can be closed. It is further recommended that, if this recommendation is adopted in its entirety, dismissal will count as an additional strike under the provisions of 28 U.S.C. § 1915(g).

SO RECOMMENDED.

DATED: <u>October 7, 2016.</u>

*s/      Reona J. Daly*
**UNITED STATES MAGISTRATE JUDGE**
