IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-CV-1129-NJR-RJD |
| SANDRA FUNK, et al., | ) |
| Defendants. | ) |
| | ) Consolidated with: |
| ANDREW LAMON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-CV-1051-NJR-RJD |
| SANDRA FUNK, | ) |
| Defendant. | ) |
| | ) Consolidated with: |
| ANDREW LAMON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-CV-945-NJR-RJD |
| LEON KERR, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United

States Magistrate Judge Reona J. Daly (Doc. 113), which recommends that these consolidated cases be dismissed as malicious in accordance with 28 U.S.C. § 1915(e) and that Plaintiff Andrew Lamon's *in forma pauperis* status be revoked.

Plaintiff Andrew Lamon ("Lamon"), an inmate in the Illinois Department of Corrections, filed these *pro se* lawsuits pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center. On March 23, 2015 and October 16, 2015, District Judge J. Phil Gilbert consolidated all three cases together, finding that they involved common issues of law and fact because all cases contain the same allegations based upon the same timeframe against various defendants (Docs. 41 and 67).

On February 29, 2016, Lamon moved for Rule 11 sanctions against defense counsel Assistant Attorney General Matthew Tamul based on alleged misrepresentations included in Defendant Mark Lahr's Answer to the Complaint (Doc. 82). On April 1, 2016, Defendants responded to the Motion for Sanctions, arguing that the motion lacked any legal basis and the Answer reflected a mere disagreement regarding the facts of the case (Doc. 91). On April 6, 2016, Lamon filed a Motion to Present Authority in which he reasserted his Rule 11 arguments (Doc. 93). In that motion, he disparaged the Court and defense counsel with various inappropriate and derogatory remarks (*Id.*).

In response, on June 10, 2016, Magistrate Judge Philip M. Frazier ordered Lamon to show cause as to why his IFP status should not be revoked as a result of filing the Motion to Present Authority with the apparent purpose of harassing the Court and

defense counsel (Doc. 107). Lamon failed to respond to Magistrate Judge Frazier's Show Cause Order.[1]

On September 19, 2016, Defendants filed a Motion for Sanctions pursuant to Rule 11(b), requesting that the Court revoke Lamon's IFP status and order him to pay the full filing fee before allowing him to proceed in this case as a sanction for filing the Motion to Present Authority (Doc. 112). Lamon failed to respond to Defendants' Motion for Sanctions.

On October 7, 2016, Magistrate Judge Daly issued the Report and Recommendation currently before the Court (Doc. 113), recommending that Lamon's IFP status be revoked. She further recommended dismissal of the case as malicious pursuant to 28 U.S.C. § 1915(e). Objections to the Report and Recommendation were due on or before October 24, 2016. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). Lamon did not file an objection.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). A judge may then

---

[1] The consolidated cases were transferred from Judge Gilbert to the undersigned on June 7, 2016 (*see* Doc. 101). And, upon Magistrate Judge Frazier's retirement in September 2016, the actions were reassigned to Magistrate Judge Daly (*see* Doc. 111).

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has reviewed Magistrate Judge Daly's Report and Recommendation for clear error. Following this review, the undersigned agrees with Magistrate Judge Daly that revocation of Lamon's IFP status and dismissal is warranted, but the undersigned will dismiss these cases based on its inherent power to dismiss when a litigant has "willfully abused the judicial process." *See Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009) ("Though 'particularly severe,' the sanction of dismissal is within the court's discretion"); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (courts have the inherent power to impose respect and decorum, and "to fashion an appropriate sanction for conduct which abuses the judicial process.").

In light of the deliberate and harassing nature of Lamon's filing in connection with his failure to comply with Magistrate Judge Frazier's order to show cause and respond to the present motion, and grounded on the Court's inherent authority to impose sanctions based on abuse of the judicial process, the Court finds revocation of his IFP status and dismissal of his case to be appropriate. *See Jimenez v. Madison Area Technical College*, 321 F.3d 652, 657 (7th Cir. 2003) (finding that the district court's decision to dismiss a case as a sanction for abusive conduct was "within the bounds of the trial court's sound discretion").

Accordingly, the Court **ADOPTS in part** Magistrate Judge Daly's Report and Recommendation (Doc. 113) and **GRANTS** Defendants' Motion for Sanctions (Doc. 112).

Lamon's IFP status is **REVOKED**, and he is **ORDERED** to pay **$949.19**,[2] the remaining balance of his filing fee for all three cases. These consolidated cases are **DISMISSED with prejudice**. Judgment will be entered accordingly.

IT IS SO ORDERED.

DATED:   November 10, 2016

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] The filing fee for each case is $350.00, which totals $1,050.00 ($350.00 x 3). In Case No. 13-cv-1129, Lamon has paid $58.16. In Case No. 14-cv-1051, Lamon has paid 25.66, and in Case No. 15-cv-945, Lamon has paid $16.99. The total of those payments, which amount to $100.81, subtracted from $1,050.00, equals **$949.19**.